UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ASHLEY HILL and ANALI DE JESUS, on behalf of themselves and all others similarly situated,**

    Plaintiffs,

v.                                             CASE NO.:

**KEMPER CORPORATION,**

    Defendant.
_____/

## CLASS ACTION COMPLAINT
## (JURY TRIAL DEMANDED)

Named Plaintiffs, Ashley Hill ("Plaintiff Hill") and Anali De Jesus ("Plaintiff De Jesus")(Plaintiff Hill and Plaintiff De Jesus shall collectively be referred to herein as the "Named Plaintiffs"), on behalf of themselves and all others similarly situated ("Putative Class Members")(Named Plaintiffs and the Putative Class Members shall collectively be referred to herein as "Plaintiffs"), file this Class Action Complaint against Defendant, Kemper Corporation ("Defendant") for violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").  In further support thereof, the Named Plaintiffs allege as follows:

## NATURE OF THE ACTION

1. This is a class action for the recovery by the Named Plaintiffs, on their own behalf and on behalf of over 100 other similarly situated former employees, seeking to recover damages in the amount of 60 days' compensation and benefits for each of them by reason of the Defendant's violation of their rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act").

2. The Named Plaintiffs and the Putative Class Members were employees of Defendant who were terminated without cause on their part on or about January 17, 2024, or within thirty (30) days thereof, as part of or as the reasonably expected consequence of a mass layoff or plant closing, which was effectuated by Defendant on or about that date.

3. Defendant failed to provide Plaintiffs with the sixty (60) days advance written notice that is required by the WARN Act. In fact, Defendant provided Plaintiffs with only fifteen (15) days of advance notice.

4. Defendant's mass layoffs deprived Plaintiffs "…and their families [of] some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

5. Plaintiffs are entitled under the WARN Act to recover from the Defendant their wages and benefits for 60 days.

6.  Defendant will likely claim exemption from this requirement under the "unforeseeable business circumstance" exception of the WARN Act, and possibly cite to inflation, or financial issues.

7.  Under that exception, "[a]n employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required."  29 U.S.C. § 2102(b)(2)(A).

8.  However, Defendant was still mandated by the WARN Act to give Plaintiffs "as much notice as is practicable."  Defendant failed to do so here, instead giving Plaintiffs as little as fifteen (15) days of advance notice.

9.  According to its website, Defendant "is one of the nation's leading specialized insurers. With approximately $13 billion in assets, Kemper is improving the world of insurance . . . ."[1]

10. Further provided by Defendants own website[2] is recent information, published January 24, 2024, regarding its financial state:

> Preliminary results for the **fourth quarter of 2023** include estimated **net income and adjusted consolidated net operating income of between $45 million and $55 million.** Net income includes approximately $15 million of after-tax net realized gains on investments offset by approximately $14 million of after-tax costs primarily related to our ongoing cost structure optimization efforts.
>
> . . .

---

[1] Kemper Quick Facts
[2] Fourth Quarter 2023 Earnings Release and Preliminary Results

> Parent liquidity was approximately $1.1 billion at the end of the quarter, an increase of approximately $300 million from the prior quarter.
> Insurance subsidies are well-capitalized.

(Emphasis added).

11. Moreover, in a press release[3] dated February 1, 2024, Defendant stated:

> Kemper Corporation (NYSE: KMPR) reported **net income of $51.4 million** . . . **for the fourth quarter of 2023**, compared to a **net loss of $53.3 million . . . for the fourth quarter of 2022**.
>
> Adjusted consolidated Net Operating *Income* was **$50.5 million . . . for the fourth quarter of 2023**, compared to Adjusted Consolidated Net Operating *Loss* of **$23.5 million . . . for the fourth quarter of 2022**.

(Emphasis added).

12. In this same press release, Defendant's President, CEO, and Chairman, Joseph P. Lacher, Jr., was quoted as stating: "I'm pleased **we closed 2023 with a return to profitability** and we are clearly on the path to return to target margins in 2024." (Emphasis added).

13. Mr. Lacher further stated, via the press release, "The **strategic initiatives we completed during the quarter exceeded expectations**,

---

[3] Kemper Press Release Feb. 1, 2024

4

significantly increasing liquidity and strengthening our low-cost operating platform." (Emphasis added).

14. Clearly, as of the fourth quarter of 2022, Defendant was aware that it was not financially flourishing to the extent it desired.

15. However, Defendant's mass layoff of Plaintiffs did not occur in 2022.

16. Defendant's mass layoff of Plaintiffs did not even occur in early 2023.

17. Defendant's mass layoff of Plaintiffs occurred after the end of the 2023 fourth quarter (on January 17, 2024, or within 30 days thereof).

18. Accordingly, to the extent that Defendant had suffered any financial difficulty, this would have been something that Defendant had been aware of at least a year prior to its termination of Plaintiffs.

19. Moreover, at the time of Defendant's mass layoff of Plaintiffs, by Defendant's own admission, Defendant was financially prosperous, as it had reached a "return to profitability" and "exceeded expectations" in the fourth quarter of 2023.

20. Defendant's termination of Plaintiffs were not due to any unforeseeable business circumstances, as Defendant was not suffering any sudden, dramatic, or unexpected conditions outside of its control.

21. To the contrary, Defendant was financially thriving and no conditions or circumstances existed that would have prevented it from providing the Named Plaintiffs and the Putative Class with sixty (60) days of notice, prior to its mass layoff of them.

22. Defendant's failure to provide employees with the legally required advance written notice, mandated by the WARN Act is a particularly egregious violation because of Defendant's successes in the marketplace.

23. A similarly situated employer exercising reasonable judgment would have ensured its ability to provide Named Plaintiffs and the Putative Class with notice of their termination well in advance of sixty (60) days prior to their termination.

## JURISDICTION

24. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

25. The violation of the WARN Act alleged herein occurred in this District.

26. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

27. Defendant was an Illinois corporation, with certain offices and employees located in Florida.

28. According to its website, Defendant offers personalized insurance solutions to individuals, families, and businesses.[4]

29. Plaintiff Hill worked for Defendant as a hybrid employee, partially working from her home in Volusia County, Florida, and partially working from Defendant's Lake Mary, Florida office, but, ultimately, reporting to Defendant's

---

[4] Kemper Quick Facts

headquarters located at 200 East Randolph Street, Chicago, Illinois 60601 (the "Facility").

30. Plaintiff De Jesus worked for Defendant as a hybrid employee, partially working from her home in Orange County, Florida, and partially working from Defendant's Lake Mary, Florida office, but, ultimately, reporting to the Facility.

31. Prior to their termination, Named Plaintiffs were employees of Defendant.

32. On or around January 17, 2024, the Named Plaintiffs were notified that they was being terminated from their employment, without cause on their part, by the Defendant, effective February 1, 2024.

33. On January 17, 2024, or within thirty (30) days thereof, and thereafter, the Named Plaintiffs and over one-hundred (100) other employees of the Defendant were terminated without cause on their part as part of or as the reasonably expected consequence of the terminations that occurred on or about January 17, 2024 or within thirty (30) days thereof.

34. The Named Plaintiffs bring this action on their own behalf and, pursuant to rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the Putative Class Members.

## **THE MASS LAYOFF / PLANT CLOSURE**

35. On January 17, 2024, or within thirty (30) days thereof, the Named Plaintiffs and the Putative Class Members learned for the first time that Defendant was terminating them effective January 17, 2024.

36. Defendant has no excuses for failing to comply with the WARN Act's 60-day notice requirement as to the Named Plaintiffs and the Putative Class Members.

37. In fact, the only written notice received by the Named Plaintiffs from Defendant came in the form of an email on January 17, 2024 (and the termination was effective on February 1, 2024), which failed to comply with the WARN Act's notice requirements.

38. Through the termination email, the Named Plaintiffs were provided a grossly insufficient severance offer of only two weeks of pay.

39. At a minimum, WARN Act notices must contain: (i) the name and address of the employment site where the plant closing or mass layoff will occur, and the name and telephone number of a company official to contact for further information; (ii) a statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (iii) the expected date of the first separation and the anticipated schedule for making separations; and (iv) the job titles of positions to be affected and the names of the workers currently holding affected jobs.

40. The notice that Plaintiffs received from Defendant as to their termination failed to properly contain all of the above. Thus, to date, Plaintiffs have never received a compliant WARN Act notice.

## THE CLAIM FOR RELIEF

41. At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, *i.e.,* those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

42. The terminations on or about January 17, 2024, or within thirty (30) days thereof, of the employment of persons who worked at the Facility for Defendant resulted in the loss of employment for over one-hundred (100) employees, excluding Part-Time Employees.

43. The terminations on or about January 17, 2024, or within thirty (30) days thereof, of the employment of persons who worked at the Facility or as the reasonably foreseeable consequence of those terminations resulted in the loss of employment for at least 33% of the Facility's employees excluding Part-Time Employees.

44. The Named Plaintiffs and the Putative Class Members were discharged without cause on their part on or about January 17, 2024, or within

thirty (30) days thereof, or thereafter as the reasonably expected consequence of the terminations that occurred on or about January 17, 2024 or within thirty (30) days thereof.

45. The Named Plaintiffs and each of the other Putative Class Members experienced an employment loss as part of or as the reasonably expected consequence of the mass layoff and/or plant closing that occurred on or about January 17, 2024, or within thirty (30) days thereof.

## CLASS ACTION ALLEGATIONS

46. The Plaintiffs constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

47. Specifically, the Named Plaintiffs seek to certify the following class:

**Kemper WARN Act Class Action:**
All former employees of Defendant throughout the United States not given a minimum of 60 days' written notice of termination, and whose employment was terminated on or about January 17, 2024, or within thirty (30) days thereof, as a result of a "mass layoff" or "plant closing" as defined by the Workers Adjustment and Retraining Notification Act of 1988.

48. Each of the Putative Class Members is similarly situated to the Named Plaintiffs with respect to his or her rights under the WARN Act.

49. Common questions of law and fact are applicable to all members of the Class.

50. The common questions of law and fact arise from and concern the following facts, among others: that all Putative Class Members enjoyed the protection of the WARN Act; that all Putative Class Members were employees of

the Defendant who worked at or reported to the Facility; that the Defendant terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of Putative Class Members without giving them at least 60 days' prior written notice as required by the WARN Act; that the Defendant failed to pay the Putative Class Members wages and to provide other employee benefits for a 60-day period following their respective terminations; and on information and belief, the issues raised by an affirmative defenses that may be asserted by the Defendant.

51. The Named Plaintiffs' claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, the Named Plaintiffs and the other Putative Class Members is an injured party with respect to his/her rights under the WARN Act.

52. The Named Plaintiffs will fairly and adequately protect and represent the interests of the Class.

53. The Named Plaintiffs have the time and resources to prosecute this action.

54. The Named Plaintiffs have retained the undersigned counsel who have had extensive experience litigating WARN Act claims, employee rights' claims, and other claims in Federal court.

55. The Class is so numerous as to render joinder of all members impracticable in that there are approximately 300 members of the Class.

56. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

57. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

58. No Putative Class Member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

59. No litigation concerning the WARN Act rights of any Class member has been commenced.

60. Concentrating all the potential litigation concerning the WARN Act rights of the Putative Class Members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Putative Class Members.

61. On information and belief, the names of all the Putative Class Members are contained in Defendant's books and records.

62. On information and belief, a recent residence address of each of the Putative Class Members is contained in Defendant's books and records.

63. On information and belief, the rate of pay and the benefits that were being paid or provided by Defendant to each Class member at the time of his or her termination are contained in Defendant's books and records.

64. As a result of Defendant's violation of the WARN Act, each Putative Class Members is entitled to recover an amount equal to the sum of: (a) his/her

respective wages, salaries, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) his/her medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plan had that plan provided coverage for such period.

65. Defendant failed to pay the Named Plaintiffs and the other Putative Class Members for the Defendant's violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) their medical expenses incurred during the 60 calendar days from and after the date of his/her termination that would have been covered under the Defendant's benefit plans had those plans remained in effect.

66. The Named Plaintiffs hereby demand a jury trial of all issues that may be so tried.

**WHEREFORE**, the Named Plaintiffs demand judgment as follows:

A. In favor of the Named Plaintiffs and each Putative Class Members against the Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days; (b) pension,

401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60 day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

      B.     Appointment of the Named Plaintiffs as Class Representatives;

      C.     Appointment of the undersigned as Class Counsel;

      D.     In favor of the Named Plaintiffs for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

      E.     Interest allowed by law;

      F.     Such other and further relief as this Court deems just and proper.

Dated this 20th day of March, 2024.

Respectfully submitted,

*/s/Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, FL 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: aheystek@wfclaw.com
***Attorneys for Named Plaintiff***